José Enríquez Leduc, Appellant, *v.* Registrar of Property of Humacao, Respondent.

No. 1166. Submitted June 11, 1945.—Decided November 20, 1945.

*Rogelio Fernnández* Garzot for appellant.

Mr. Justice Todd, Jr., delivered the opinion of the court.

José Isabel Meléndez de la Matta and his sister Monserrate are co-owners of a property of 11.90 acres (*cuerdas*), each holding an undivided one-half interest in said property. Meléndez mortgaged a parcel of two acres of said property in favor of José Enríquez Leduc. This parcel was materially delimited in the deed, it being established therein that it formed part of the one-half which belonged to the maker of the deed, and that he mortgaged the same with the express consent of the other co-owner. Upon presenting this deed for registration in the registry of property, the same was denied and the following note entered:

"Registration of this document is hereby denied because in order to mortgage the parcel of two acres described therein, it must first be segregated and recorded in the registry of property and in the Planning Board Registry, and the failure to do so is a violation of the provisions of §§ 9, 20, 21, and 30 of the Mortgage Law and Arts. 50,

60, 62, 63, and 75 of the Regulations and the provisions of Planning Regulations No. 3, promulgated by the Planning Board under Acts Nos. 213 of 1942 and 155 of 1943; at folio 55, back, vol. 27 of Naguabo, Property No. 1090, second entry.—Humacao, May 14, 1945. —Guillermo Estrella, Registrar.—Canceled stamps $3.00 No.—. Supplementing the preceding note it is further stated that a cautionary notice for 120 days was entered in favor of the creditor, at the entry and folio above mentioned.—Humacao, May 14, 1945. Guillermo Estrella, Registrar.''

Feeling aggrieved by this note, José Enríquez Leduc has taken the present appeal, alleging that the previous segregation and registration of the parcel of two acres is not required for the execution of a mortgage thereon, and cites in his favor § 333 of the Civil Code, and the decision of November 23, 1886, of the General Directorate of Registries and the case of Mayagüez Sugar Co. v. Registrar, 40 P.R.R. 77.

The real question to be decided herein is whether a co-owner, with the express consent of the other and only co-owner, may mortgage a specific and determinate portion of the common property.

There is no doubt that the co-owner may mortgage his part in the common property. He is expressly authorized to do so under § 333 of the Civil Code, which provides:

"Each one of the part-owners shall have the absolute ownership of his part and that of the fruits and profits belonging thereto, and he may therefore, sell, assign or mortgage the same, and even substitute another person in the enjoyment, thereof, or lease such part, unless personal rights are involved. But the effect of the alienation of mortgage in relation to the part-owners shall be limited to the share which may be allotted to them in the division upon the termination of the common ownership, and the effect of the lease shall be to confer on the lessee during the term of the contract, the powers of the part-owner in regard to the administration and better enjoyment of the common property.''

However, when a co-owner mortgages without the intervention of the other co-owners, the mortgage thus constituted is not levied on any determinate part of the property,

since the right of the co-owner is that of an abstract share in the property which embraces the whole thereof. Therefore, upon constituting a mortgage on that share, the lien covers the property in the same manner as the right on which the mortgage is constituted. See Galindo and Escosura, *Comentarios a la Legislación Hipotecaria de España* (4th ed.), vol. III, p. 169, and Morell y Terry, *Comentarios a la Legislación Hipotecaria,* vol. III, p. 635.

The case at bar, however, is different. Here, a co-owner, with the express consent of the other co-owner of the property, who appeared in the deed for that purpose, mortgaged two of the 11 acres of the common property and this parcel was materially delimited or separated with the consent of both co-owners. This action is tantamount to having constituted the mortgage, with the consent of both co-owners of the property expressly upon a specific portion thereof, which became perfectly delimited for that purpose and which will form part of what may finally belong to the mortgagor of the property. As far as this case is concerned, there is practically no controversy as to the common ownership of the two acres mortgaged. However, it is not necessary, as alleged by the respondent registrar, to make a segregation and to record the mortgaged parcel as an independent property, for the delimitation, as set forth in the deed, is sufficient to easily identify the parcel in case of foreclosure. Should there be no foreclosure, the whole property will continue undivided.

According to the decision of November 23, 1886, of the General Directorate of Registries, ". . . if the encumbrance is levied on one part of the property, said parcel must be marked off or delimited, *either by materially delimiting it,* or by determining its value in relation to the total value of the property, or by determining the proportion of said part with respect to the whole area of the property, . . . ." (Italics ours.) Therefore, where a condominium is to be mortgaged, it may be done either by materially delimiting the parcel

mortgaged, or by determining its value in relation to the total value of the property, or by determining the proportion of said part in relation to. the whole area. In the case at bar, the parcel in question was not only delimited but also the other co-owner expressly consented to its being mortgaged.

As to the noncompliance with the Planning Regulations promulgated by the Planning Board, it will suffice to state that they expressly refer and apply to cases of "sale, lease, or transfer."[1]

The decision appealed from must be reversed and the record made.

---

[1] See Art. 1 of Planning Regulations No. 3, promulgated by the Planning Board of Puerto Rico on September 5, 1945.